# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*, | ) Case No. 17-12560 (JKS) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*, | ) Adversary Case No. 19-50307 (JKS) |
| Plaintiff, | ) |
| vs. | ) |
| ALEXANDER S. ADUNA; EMMA R. ADUNA, | ) |
| Defendants. | ) |

## MOTION OF LAW OFFICE OF CURTIS A. HEHN TO WITHDRAW AS COUNSEL TO DEFENDANTS ALEXANDER AND EMMA ADUNA

The Law Office of Curtis A. Hehn (referred to hereafter as the "Firm") is counsel to Alexander S. Aduna and Emma R. Aduna (collectively, the "Defendants") in the above-referenced adversary proceeding (the "Adversary Proceeding") filed by Michael Goldberg (the "Plaintiff"), as the Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of Woodbridge Group of Companies, LLC, *et al.* (collectively, the "Debtors"). By way of this motion (the "Motion"), the Firm seeks to withdraw as counsel for the Defendants pursuant to Local Rule 9010-2, and in accordance with the terms of the parties' engagement (the "Engagement Letter").[1] In

---

[1] In light of the nature of the relief sought in the Motion, the Firm waives its right to file a brief in support of the Motion pursuant to Local Rule 7007-1(a)(iii).

1

support of the Motion, the Firm states as follows:

## FACTS AND PROCEDURAL HISTORY

1. On August 26, 2019, the Plaintiff filed a four-count complaint [Adv. Docket No. 1] (the "Complaint") against the Defendants, pursuant to which the Plaintiff sought to avoid and recover (i) two allegedly preferential transfers in the aggregate amount of $100,038.89, and (ii) 15 allegedly constructively fraudulent transfers in the aggregate amount of $8,497.18.

2. After the filing of the Complaint, the Defendants retained the Firm to represent them before the Bankruptcy Court in connection with defending against the Complaint.

3. On October 4, 2019, the Firm filed an Answer [A.P. Docket No. 4] to the Complaint upon behalf of the Defendants, wherein the Firm asserted 25 affirmative defenses to avoidance liability, and asserted the Defendants' rights to a jury trial on the claims asserted against them in the Complaint pursuant to the Seventh Amendment of the United States Constitution.

4. On September 4, 2020, the Court entered a scheduling order [A.P. Docket No. 32] (the "Scheduling Order"). Pursuant to paragraph 5 of the Scheduling Order, the Plaintiff and the Defendants agreed to toll discovery in the Adversary Proceeding pending mediation, in the hopes of being able to resolve the Complaint on a consensual basis.

5. On November 5, 2020, the parties entered into that certain *Stipulation Regarding Appointment of Mediator [A.P. Docket No. 36]*, pursuant to which

the parties agreed to the appointment of Conor Bifferato as the mediator in this Adversary Proceeding. On November 6, 2020, the Court entered an Order [A.P. Docket No. 37] formally assigning this Adversary Proceeding to mediation, and appointing Mr. Bifferato as the mediator for this case.

6. Mediation in this matter was scheduled to occur on April 13, 2021.

7. While trying to prepare the Defendants for mediation, the relationship between the Firm and the Defendants broke down. Despite repeated requests and entreaties, the Defendants have refused to provide the Firm with documents that may help their case during the mediation, and on April 12, 2021, advised the Firm that (i) they would not be participating in the mediation, and (ii) no longer desired the Firm's services. In addition, the Defendants communicated to the undersigned counsel that they believed the Firm was representing the Plaintiff, and not them.

8. As a result of this situation, the mediation scheduled for April 13, 2021, did not occur, and the Firm informed the mediator, and counsel for the Plaintiff, that it intended to file this Motion seeking to withdraw as counsel for the Defendants.

9. Prior to filing of this Motion, the Firm orally advised the Defendants during a phone call on April 12, 2021, that it would file a motion seeking to withdraw as their counsel. In addition, the Firm will email a copy of the Motion to the Defendants immediately after its filing, and will serve hard copies of the Motion upon the Defendants via certified mail in accordance with Local Rule 9010-2(b), and via overnight mail.

## RELIEF REQUESTED

10. Pursuant to this Motion, the Firm seeks to withdraw as counsel to the Defendants.

## BASIS FOR RELIEF

11. The Firm seeks to withdraw as counsel for the Defendant pursuant to Local Rule 9010-2(b), and the terms of the Engagement Letter. Local Rule 9010-2(b) states:

> An attorney may withdraw an appearance for a party without the Court's permission (i) when such withdrawal will leave a member of the Bar of the District Court appearing as attorney of record for the party, or (ii) when the party (a) has no controversy pending before the Court and (b) the attorney certifies that the party consents to withdrawal of counsel. <u>Otherwise, no appearance shall be withdrawn except by order on a motion duly filed, served on each party and served on the party client by registered or certified mail addressed to the client's last known address, at least fourteen (14) days before the motion is heard by the Court</u>. The filer is not required to confer other than with its party client prior to filing the motion to withdraw.

*Del. L.B. Rule 9010-2* (emphasis added). The Engagement Letter between the parties provides for the termination of services by either party under certain circumstances, and states, in pertinent part, that:

> <u>Termination</u>. You have the right to terminate the Firm's services at any time upon written notice. (Email correspondence, or an informal letter, suffices.) You agree to pay for all reasonable services rendered and costs or expenses paid or incurred prior to the date of such termination in accordance with the terms of this letter. The Firm also has the right to withdraw from this Representation if you fail to comply with this agreement, or … if any fact or circumstance arises that would render the Firm's continuing representation unlawful or unethical, <u>or for any other reason for which withdrawal is authorized or required under applicable law or rules of professional conduct, including your refusal to cooperate with the Firm or to follow the Firm's advice on a material matter</u>. In the event of the Firm's withdrawal, you agree to (i) execute such documents as will permit the Firm to withdraw from representing you, and (ii) pay for all reasonable services rendered and costs or expenses paid or incurred prior to the date of such withdrawal.

*Engagement Letter, §1 (E), pg. 2* (emphasis added).

12. Given the Defendants (i) refusal to provide documents to the Firm which may have helped them in the mediation, (ii) refusal to participate in the mediation, (iii) desire to no longer have the Firm represent them, and (iv) belief that the undersigned counsel represents the Plaintiff, the Firm respectfully submits that it is no longer able to effectively and zealously represent the Defendants as required under the rules of professional conduct. Accordingly, in light of these circumstances, and pursuant to *Del. L.B. Rule 9010-2* and Section 1(E) of the Engagement Letter, the Firm seeks to withdraw as counsel for the Defendants.

13. In connection with such withdrawal, the Firm notes that:

- it did not require, nor receive, a retainer from the Defendants;

- to date, it has only charged the Defendants $774.37 for services provided (for which the Firm has not received payment); and

- it has not charged the Defendants for any costs and expenses incurred upon the Defendants behalf.

To ensure that the Defendants are not prejudiced by the Firm's requested withdrawal in the event that the Motion is granted, the Firm hereby waives all of the fees for legal services that it has earned in this case, and any right to payment for such fees.

14. In light of the above-noted waiver of fees in the event that the Motion is granted by the Court, the Firm submits that the Defendant will not be prejudiced by the Firm's withdrawal. This is so because (i) the Firm's representation will not have cost the Defendants anything, and (ii) all of the discovery deadlines have been tolled pursuant to the Scheduling Order entered in this case, pending the filing of the

Certificate of Completion by the mediator pursuant to Local Rule 9019-5(f)(ii).

## SERVICE OF THE MOTION

15. As noted above, copies of the Motion will be served upon the Defendants via certified mail, overnight mail, and email. In addition, copies of the Motion will be served upon the Mediator (Connor Bifferato) and counsel for the Plaintiff via email. This service complies with the service requirements for withdrawal as counsel pursuant to Local Rule 9010-2(c).

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for the reasons set forth above, the Defendant respectfully requests that the Court grant the Motion, and approve the Firm's withdrawal as counsel for the Defendants, and grant such other and further relief as is just and proper.

Dated: April 12, 2021                  Law Office of Curtis A. Hehn

/s/ Curtis A. Hehn
Curtis A. Hehn (Bar No. 4264)
1007 N. Orange St., 4th Floor
Wilmington, DE 19801
Telephone: (302) 757-3491
Fax: (302) 397-2155
Email: curtishehn@comcast.net

*Counsel for Defendants*