# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>　　　　　　　　　　Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ALEXANDER S. ADUNA; EMMA R. ADUNA,<br><br>　　　　　　　　　　Defendants. | Adv. Proc. No. 19-50307 (JKS) |

## RESPONSE AND LIMITED OBJECTION
## TO MOTION OF LAW OFFICE OF CURTIS A. HEHN TO WITHDRAW
## AS COUNSEL TO DEFENDANTS ALEXANDER AND EMMA ADUNA

Plaintiff Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust (the "Plaintiff") hereby makes his response and limited objection (the "Response") to the *Motion of Law Office of Curtis A. Hehn to Withdraw as Counsel to Defendants Alexander and Emma Aduna* (the "Motion") [Adv. Docket No. 53]. In support of the Response, the Plaintiff states as follows:

1.　　On August 26, 2019, the Plaintiff filed its *Complaint for Avoidance and Recovery of Preferential and Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548 & 550* (the "Complaint"), commencing the above-captioned adversary proceeding (the "Adversary

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

Proceeding") against defendants Alexander S. Aduna and Emma R. Aduna (together, the "Defendants").

2. On October 4, 2019, the Defendants, through counsel The Law Firm of Curtis A. Hehn (the "Firm"), filed their answer to the Complaint (the "Answer") [Adv. Docket No. 4].

3. Thereafter, the Court entered the *Scheduling Order* [Adv. Docket No. 32] in the Adversary Proceeding, in accordance with which the Plaintiff and the Defendants stipulated to the tolling of discovery pending completion of mediation. The parties reached agreement on a mediator and a stipulation was filed and order entered approving the appointment of Ian Connor Bifferato, Esq. as mediator (the "Mediator") [Adv. Docket Nos. 36 and 37].

4. Mediation was scheduled to take place on April 13, 2021. Upon information and belief, and as described in paragraph 7 of the Motion, communication between the Defendants and the Firm apparently broke down on April 12, 2021, and, as a result of same, the mediation scheduled for the following day did not go forward. *See Motion*, ¶¶7-9.

5. On April 13, 2021, the Firm filed the Motion, seeking leave to withdraw as counsel for the Defendants.

### Response and Limited Opposition

6. The Plaintiff does not object to the relief requested in the Motion based on the facts described therein.

7. However, the Plaintiff submits that it has suffered prejudice by the delay occasioned by the Defendants' purported unwillingness to cooperate with their counsel of choice. More than five months have passed since the Scheduling Order was entered. A scheduled mediation has now passed without a substantive meeting between the parties. There is

no indication from the Motion or the Defendants that the withdrawal, if granted, will be followed by a further appearance by the Defendants, either *pro se* or through counsel or engagement by the Defendants on the substance of the matters asserted in the Adversary Proceeding. To the contrary, as set forth in the Motion, the Defendants believed the Firm was working for the Plaintiff (it was not) and refused to provide documents to assist in the mediation.

8. Local Rule 9010-1 requires association with Delaware counsel and provides limited exceptions, for example for *pro se* parties in connection with prosecution of claims. *See* Local Rule 9010-1(e)(iii). No such exception applies to this Adversary Proceeding.

9. Consequently, the Plaintiff requests that any order granting the relief requested in the Motion require the Defendants to reschedule the mediation and appear, either *pro se* or through Delaware counsel, within twenty-one (21) days after entry of the order authorizing the withdrawal of the Firm, or such other date as agreed to by the Mediator, Plaintiff and Defendants and, failing any effort by the Defendants to reschedule the Mediation and appear, that, upon a motion by the Plaintiff, the Answer be stricken and a default judgment be entered against the Defendants in the amount prayed for in the Complaint ($108,536.08).

**Conclusion**

WHEREFORE, the Plaintiff requests that any relief granted upon the Motion be conditioned upon prompt appearance of the Defendants, either *pro se* or through counsel, absent which a motion for default judgment will be filed.

**PACHULSKI, STANG, ZIEHL & JONES LLP**

April 26, 2021

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Andrew W. Caine (CA Bar No. 110345)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
         acaine@pszjlaw.com
         crobinson@pszjlaw.com

*Counsel to Plaintiff Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust*